# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NILDA RIVERA-CRUZ,** <br><br> **Plaintiff,** <br><br> v. <br><br> **HEWITT ASSOCIATES CARIBE, INC., et al.** <br><br> **Defendant** | **CIVIL NO. 15-1454 (PAD)** |

## MEMORANDUM & ORDER

Delgado-Hernández, District Judge.

Before the court is co-defendant Aon Risk Solutions of Puerto Rico, Inc.'s motion for summary judgment (Docket No. 108), which plaintiff opposed (Docket No. 116). ARS replied (Docket No. 129). The court referred the motions to U.S. Magistrate Judge Bruce J. McGiverin for report and recommendation ("R&R") (Docket No. 133). On February 5, 2018, the magistrate judge recommended that ARS's motion be granted, warning that failure to file specific objections by February 19, 2018 would constitute a waiver of the right to appellate review (Docket No. 136 at p. 7). No objections have been filed.

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010);

Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)). "Absent objection, . . .[a] district court ha[s] a right to assume that [the affected party] agree[s] with the magistrate judge's recommendation." López-Mulero v. Vélez-Colón, 490 F.Supp.2d 214, 217-218 (D.P.R. 2007)(internal citations omitted). In reviewing an unopposed report and recommendation, the court "needs only [to] satisfy itself by ascertaining that there is no 'plain error' on the face of the record." López-Mulero, 490 F.Supp.2d at 218; see also, Toro-Méndez v. United States of America, 976 F.Supp.2d 79, 81 (D.P.R. 2013).

The court has made an independent examination of the entire record in this case and finds that the magistrate judge's findings are supported by the record and the law. Consequently, the court hereby **ADOPTS** in its entirety the magistrate judge's R&R for the reasons stated therein (Docket No. 136), and, accordingly, **GRANTS** ARS's motion for summary judgment (Docket No. 108), dismissing plaintiff's claims against ARS under Title VII, ADEA, Law 100, Law 379, Law 80, Article 1802 of the Puerto Rico Civil Code and breach of contract statutes.

By March 1, 2018, plaintiff shall show cause as to why her claims against ARS under the Puerto Rico Constitution should not be dismissed as well, given that (i) ARS was not her employer, and (ii) her claims under the Puerto Rico Constitution seem to be based on the events that allegedly transpired while plaintiff was in the conference room carrying out her termination process. Her motion shall include the legal grounds – including relevant statutes and case law arising out of analogous factual and procedural settings – in support of her position.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of February, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge